**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANGEL R.,[1] | : | Case No. 3:25-cv-301 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**REPORT AND RECOMMENDATION[2]**

Plaintiff Angel R. brings this case challenging the Social Security Administration's denial

of her application for Supplemental Security Income (SSI).  The case is before the Court upon

Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc.

#13), Plaintiff's Reply (Doc. #14), and the administrative record. (Doc. #7).

I.     **Background**

The Social Security Administration provides SSI to individuals who are under a

"disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470

(1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically

determinable physical or mental impairment" that precludes an applicant from performing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

"substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for SSI in May 2022 and for Child Disability Benefits in April 2024,[3] alleging disability due to several impairments, including fibromyalgia, depression, anxiety, and migraines. (Doc. #7-6, *PageID* #248). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a telephone hearing before Administrative Law Judge (ALJ) Stuart Adkins on April 24, 2024.  (Doc. #7-2, *PageID* #s 72-102).  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920.  He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since July 1, 2010, the alleged onset date. |
| Step 2: | She has the following severe impairments: "morbid obesity, fibromyalgia (SSR 12-2p was considered in making this determination), migraines (SSR 19-4p was considered in making this determination), peripheral neuralgia, occipital neuralgia, attention deficit hyperactivity disorder (ADHD), anxiety disorder, and depression." |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "medium work… except she can perform tasks, but not at a production rate pace, and without strict performance quotas; limited to occasional and superficial contact with the general public, coworkers, and |

---

[3] The Appeals Council previously overturned the ALJ's decision to escalate the Child Disability Benefits claim and dismissed Plaintiff's request for a hearing on the claim. (Doc. #7-2, *PageID* #s 35-36); (Doc. #9, *PageID* #3316, fn. 1); (Doc. #13, *PageID* #3338, fn. 1). Plaintiff does not challenge the Appeals Council's decision with regards to her Child Disability Benefits claim. (Doc. #9). Accordingly, Plaintiff's Supplemental Security Income claim is the only remaining issue before the Court.

> supervisors, with 'superficial contact' defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals, but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice; and can tolerate occasional changes to a routine work setting defined as once to twice per week."
>
> She has no past relevant work.

Step 5:  Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7-2, *PageID* #s 47-55). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 1, 2010, though the date of the decision, August 12, 2024. *Id.* at 55.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 45-55), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #13), and Plaintiff's Reply (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.      **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.   Discussion

Plaintiff argues that the ALJ failed to properly evaluate the prior administrative medical findings. (Doc. #9, *PageID* #s 3322-25).  Specifically, Plaintiff asserts that the ALJ failed to assess the supportability of the opinions from Sarah Garon, M.D., and Diane Manos, M.D. *Id.* at 3324-25.  Plaintiff next argues that the ALJ's decision is not supported by substantial evidence, specifically dealing with the evaluation of Plaintiff's migraine headaches.  *Id.* at 3325-27. Finally, Plaintiff contends that the ALJ misstated the standard used in the evaluation of her subjective symptoms.  *Id.* at 3327-30.

The Commissioner contends that the ALJ properly considered the record as a whole in determining the RFC and properly evaluated the opinion evidence in accordance with the appropriate regulations.  (Doc. #13, *PageID* #s 3339-42).  The Commissioner further argues that the ALJ provided a proper explanation of his evaluation of Plaintiff's migraine headaches. Plaintiff

merely disagrees with his conclusions. *Id.* at 3342-43.  The Commissioner also counters that the ALJ did not misstate the standard for evaluating Plaintiff's subjective complaints. *Id.* at 3343-46.

A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012).  A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 416.920c(c)(1)–(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 416.920c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(1). When evaluating consistency, the more consistent a

medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. 20 C.F.R. § 416.920c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

In this case, Plaintiff argues that the ALJ failed to evaluate the prior administrative medical findings under the supportability factor. (Doc. #9, *PageID* #s 3322–25). State agency medical consultant Sarah Garon, M.D., reviewed Plaintiff's medical evidence at the initial level on July 22, 2022. (Doc. #7-3, *PageID* #s 104–13). She opined that Plaintiff was limited to occasionally lifting or carrying up to 50 pounds, frequently lifting or carrying up to 25 pounds, standing or walking for about 6 hours in an 8-hour workday, and sitting for about 6 hours in an 8-hour workday;

Plaintiff had no postural, manipulative, visual, communicative, or environmental limitations. *Id.* at 110. In support of her findings, Dr. Garon cited office visit records from April 2022, July 2021, March 2022, and October 2021 as well as Plaintiff's history of migraines, fibromyalgia, and obesity. *Id.* At the reconsideration level, state agency medical consultant Diane Manos, M.D., reviewed Plaintiff's updated record on May 9, 2023, and affirmed Dr. Garon's assessment. *Id.* at 120–21. Dr. Manos cited to the same evidence in the record, adding that there were "[n]o changes or worsening" and noting a November 2022 wellness visit where Plaintiff's physical exam was reported grossly normal, and including that Plaintiff's headaches had "improved with infusions," "decreas[ing] to 1-2 per mo[nth]." *Id.*

In reviewing the state agency medical consultants' findings, the ALJ found the assessments to be "persuasive" and relied on them to conclude that the "the restriction to medium level work with the non-exertional restrictions noted above fully accounts for [Plaintiff]'s physical impairments." (Doc. #7–2, *PageID* #53).  The ALJ determined that their findings were generally consistent with the medical records and treatment history, noting that "diagnostic test results and physical examination findings have been largely unremarkable, the claimant's had a mostly conservative treatment history for her physical health impairments since the alleged onset date, and she saw a positive response from her treatment and medications." *Id.*

As Plaintiff correctly observed, the ALJ erred in failing to address the supportability factor, as required by 20 C.F.R. § 416.920c(b)(2), when evaluating the persuasiveness of Dr. Garon's and Dr. Manos' opinions. *See* 20 C.F.R. § 416.920c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your

determination or decision.") (emphasis added). While the ALJ expressly touches on consistency, he fails to evaluate the state agency medical consultants' use of relevant, objective medical evidence or the processes they used to support their findings. While there are not necessarily magic words when addressing consistency and supportability, the ALJ must show his work by explaining, in detail, how the factors were applied when making his determinations. *Scott K.*, 2022 WL 4484603, at *11–12 (citing *Hardy*, 2021 WL 3702170, at *6); *Kimberly S. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00310, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022) (ALJs must "provide a coherent explanation of [their] reasoning . . . in order to provide sufficient rationale for a reviewing adjudicator or court."). "[T]his Court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011); *see also Kimberly S.*, 2022 WL 17820565, at *3. The ALJ's failure to explain his analysis of the supportability of state agency medical consultants Dr. Garon's and Dr. Manos' opinions, as mandated by 20 C.F.R. § 416.920c(b)(2), constitutes reversible error. *See Warren I*, 2021 WL 860506, at *8 ("An ALJ must "set forth a 'minimum level of articulation'" as to how she considered the supportability and consistency factors for a medical's source's opinion."); *Brenda T. v. Comm'r of Soc. Sec. Admin.*, No. 2:23-cv-2980, 2024 WL 3506947, at *10 (S.D. Ohio July 22, 2024) (Gentry, M.J.) (finding that the ALJ committed reversible error when he failed to discuss the supportability of a medical opinion), *report and recommendation adopted*, 2024 WL 3677636 (S.D. Ohio Aug. 6, 2024) (Morrison, D.J.); *John F. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-cv-260, 2023 WL 4759127, at *6 (S.D. Ohio July 26,

2023) ("[T]his Court agrees that the ALJ failed to follow the regulatory requirement to evaluate the consultants' opinions for supportability. The failure to comply with a legal requirement constitutes reversible error.").[4]

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545–47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747–50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725–26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for SSI should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      The Commissioner's non-disability finding be vacated;

2.      No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3.      This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendation and any Decision and Entry adopting this Report and Recommendation; and

4.      The case be terminated on the Court's docket.


June 23, 2026                                        *s/ Peter B. Silvain, Jr.*
                                                     Peter B. Silvain, Jr.
                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).